UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. EISLER and RXNW, INC., <br><br>    Plaintiff(s), <br><br>vs. <br><br>MEDICINE SHOPPE INTERNATIONAL, INC., <br><br>    Defendant(s). | Case No. 4:05CV2272 JCH |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss or to Stay Proceedings and Compel Arbitration, filed December 7, 2005. (Doc. No. 5). The matter is fully briefed and ready for disposition.

## BACKGROUND

By way of background, in 1998 Plaintiff Michael J. Eisler entered into a License Agreement with Defendant Medicine Shoppe International, Inc., allowing Plaintiff Eisler to operate a Medicine Shoppe pharmacy franchise in Albany, Oregon. (Petition for Equitable Relief, attached to Defendant's Notice of Removal as Exh. A (hereinafter "Complaint" or "Compl."), ¶ 2).[1] The License Agreement contains an arbitration provision stating in relevant part as follows:

> Except as otherwise provided....[excepted circumstances not applicable here], all controversies, disputes or claims arising between us and/or our officers, directors, parents, affiliates, agents, employees or attorneys (in their representative capacity) and you and/or your shareholders, partners, officers, directors or employees shall be submitted for arbitration to the St. Louis, Missouri office of the American Arbitration Association on demand of either

---

[1] Plaintiff RXNW, Inc. is the corporate entity presently operating Plaintiff Eisler's Medicine Shoppe pharmacy. (Compl., ¶ 3).

of us. Such arbitration proceedings shall be conducted in St. Louis, Missouri and, except as otherwise provided in this Agreement, such claims shall be heard by one arbitrator in accordance with the then current Commercial Arbitration Rules of the American Arbitration Association.

(License Agreement, attached to Compl. as Exh. D, PP. 23-24).

Plaintiffs filed their Complaint in this matter in the Circuit Court of St. Louis County, Missouri, on November 8, 2005. In their Complaint, Plaintiffs seek rescission of the 1998 License Agreement on two bases: (1) Failure To Assist With Sale As Promised (Count I); and (2) Fraudulent Inducement To Enter Twenty Year Agreement (Count II). As stated above, Defendant filed the instant motion on December 7, 2005, seeking an Order compelling arbitration in accordance with the provisions of 9 U.S.C. § 1, *et seq.* (Doc. No. 5).

## DISCUSSION

Under Eighth Circuit law, "[b]efore a party may be compelled to arbitrate under the Federal Arbitration Act, the district court must engage in a limited inquiry to determine whether a valid agreement to arbitrate exists between the parties and whether the specific dispute falls within the scope of that agreement." Houlihan v. Offerman & Co, Inc., 31 F.3d 692, 694-95 (8th Cir. 1994) (citation omitted). The Eighth Circuit continued:

> A federal court must stay court proceedings and compel arbitration once it determines that the dispute falls within the scope of a valid arbitration agreement. 9 U.S.C. §§ 3 & 4. An agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Id. at § 2...[Further], we are mindful that "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983).

Houlihan, 31 F.3d at 695.

In the present case, Plaintiffs do not dispute that they entered into the License Agreement, that the License Agreement evidences a transaction involving interstate commerce[2], or that a dispute has arisen between the parties that would be encompassed within the arbitration provision of the License Agreement.[3] Instead, Plaintiffs assert that because they seek rescission of the entire License Agreement, the arbitration provision contained within the Agreement may not be enforced. (Plaintiffs' Response, PP. 1-2).

The Supreme Court has held that claims attacking the entire contract, rather than the arbitration clause in particular, are subject to arbitration. Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04, 87 S.Ct. 1801, 1806, 18 L.Ed.2d 1270 (1967). The Supreme Court explained the distinction as follows:

> [I]f the claim is fraud in the inducement of the arbitration clause itself--an issue which goes to the 'making' of the agreement to arbitrate--the federal court may proceed to adjudicate it. But the statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally.

Prima Paint Corp., 388 U.S. at 403-04 (footnote omitted); see also Houlihan, 31 F.3d at 695.

Upon consideration, the Court finds Plaintiffs' factual allegations of fraud cannot fairly be limited to the making of the arbitration clause. Houlihan, 31 F.3d at 695. Rather, Plaintiffs' claims

---

[2] 9 U.S.C. § 2, addressing the validity, irrevocability and enforcement of agreements to arbitrate, applies only to written provisions in maritime transactions or contracts evidencing transactions involving commerce.

[3] In their response, Plaintiffs assert as follows: "The arbitration provision at issue does not apply to this case, and should not preclude the Plaintiffs from seeking a judgment of a Court of competent jurisdiction confirming rescission of the License Agreement." (Plaintiffs' Response to Defendant's Motion to Dismiss or to Stay Proceedings and Compel Arbitration ("Plaintiffs' Response"), P. 2). Plaintiffs offer no support for this assertion, however, and the Court finds the arbitration provision in the License Agreement is broad enough to cover the claims at issue here. See, e.g., Keymer v. Management Recruiters Intern., Inc., 169 F.3d 501, 504 (8th Cir. 1999); Schoenrock v. John Morrell & Co., Inc., 2003 WL 21639161 at *6 (D. Minn. July 2, 2003).

of fraud in the inducement relate to the contract as a whole, and thus they are subject to mandatory arbitration. Id.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss or to Stay Proceedings and Compel Arbitration (Doc. No. 5) is **GRANTED** in part, and this matter is stayed pending resolution of the arbitration process.

**IT IS FURTHER ORDERED** that Defendant Medicine Shoppe International, Inc. must provide the Court with a written report detailing the status of the arbitration proceedings no later than **Friday, April 21, 2006**.

Dated this 21st day of February, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE