UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. EISLER and RXNW, INC., | ) ) ) |
| Plaintiff(s), | ) ) |
| vs. | ) Case No. 4:05CV2272 JCH ) |
| MEDICINE SHOPPE INTERNATIONAL, INC., | ) ) ) |
| Defendant(s). | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Remand to State Court on behalf of Michael J. Eisler and RXNW, Inc. ("Plaintiffs' Motion to Remand"), filed January 3, 2006. (Doc. No. 8). The matter is fully briefed and ready for disposition.

## BACKGROUND

By way of background, Plaintiffs filed their original Petition for Equitable Relief in this matter in the Circuit Court of St. Louis County, Missouri, on November 8, 2005. (Petition, attached to Defendant's Notice of Removal as Exh. A (hereinafter "Complaint" or "Compl.")). In their Complaint, Plaintiffs seek rescission of a License Agreement Plaintiff Eisler entered into with Defendant in 1998, on two bases: (1) Failure To Assist With Sale As Promised (Count I); and (2) Fraudulent Inducement To Enter Twenty Year Agreement (Count II). In their prayer for relief, Plaintiffs state as follows:

> WHEREFORE, the Plaintiffs pray that a judgment be entered in their favor and against the Defendant rescinding the 1998 License Agreement, that the Plaintiffs be awarded their costs incurred herein, and that the Plaintiffs be awarded any further relief deemed necessary and just.

(Compl., PP. 5-6, 8).

On December 2, 2005, Defendant Medicine Shoppe International, Inc. removed Plaintiffs' action to this Court. (Doc. No. 1). In doing so, Defendant asserted this Court possesses jurisdiction over this matter under 28 U.S.C. § 1332, as the action is between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. (Id., ¶¶ 4, 10).

As stated above, Plaintiffs filed their Motion to Remand on January 3, 2006. (Doc. No. 8). In their motion, Plaintiffs maintain this Court lacks jurisdiction, as Defendant has failed to establish that the amount in controversy exceeds $75,000. (Id., ¶ 22).

## DISCUSSION

"It is well settled that on a Motion to Remand, the burden of establishing federal subject matter jurisdiction lies with the removing party." Rolwing v. NRM Corp., 2005 WL 1828813 at *2 (E.D. Mo. Aug. 2, 2005), citing In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1991). The amount in controversy requirement of diversity jurisdiction is strictly construed, and all doubts concerning federal jurisdiction are resolved in favor of remand. Id. (citations omitted).

The Eighth Circuit recently articulated the standard to apply in determining whether a federal court has subject matter jurisdiction in a removed case, as follows: "Where, as here, the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party,...must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation, 346 F.3d 830, 834 (8th Cir. 2003) (citation omitted). See also James Neff Kramper Family Farm Partnership v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005) (citation omitted) ("The burden thereafter fell upon [Defendant], as the party invoking federal jurisdiction, to show by a preponderance of the evidence the claims originally asserted by [Plaintiff] could, that is might, legally satisfy the amount in controversy requirement").

Under Eighth Circuit law, "'[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'" Kramper, 393 F.3d at 833, quoting Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). "The central question in this case, then, is to which party this Court should look in measuring 'the value of the object of the litigation.'" Solna, Inc. v. American Printing Equipment, Inc., 1989 WL 325976 at *3 (W.D. Mo. Sept. 20, 1989).

> Courts faced with a similar issue have concluded that no hard and fast rule governs in this area. *See Hatridge[1]*, 415 F.2d at 814-15. In general, the amount in controversy is usually viewed from the perspective of the plaintiff. *Hatridge*, 415 F.2d at 814. Frequently, however, courts have determined that the amount in controversy is more appropriately viewed from the standpoint of the removing defendant. *See Morgan v. Inman v. Milwhite Co.* 261 F.Supp. 703 (E.D. Ark. 1966) and cases cited therein; *Hatridge*, 415 F.2d at 815.

Solna, 1989 WL 325976 at *3. See also Hatridge, 415 F.2d at 815 ("This approach [where the defendant's posture yields the jurisdictional amount], we feel, is particularly appropriate where the values to the parties are not the same and where the defendant has removed the action").

Upon consideration, this Court will determine the amount in controversy by considering, "'the pecuniary result to either party which the judgment would directly produce.'" NCMIC Insurance Co. v. Sammon, 2005 WL 2648687 at *3 (D. Minn. Oct. 17, 2005), quoting Hatridge, 415 F.2d at 815 (citation omitted).[2] In the instant case, the Court holds the pecuniary result to Defendant of the instant suit consists of the value of the contract between the parties, or, "the value of the license fees that the Plaintiffs are obligated by contract to pay to [Defendant] throughout the term of the

---

[1] Hatridge v. Aetna Casualty & Surety Co., 415 F.2d 809 (8th Cir. 1969).

[2] The case relied upon by Plaintiffs, Chief Industries, Inc. v. Campus Lofts, Inc., 2005 WL 3508456 (D. Neb. Dec. 22, 2005), is not to the contrary. In that case, the district court held only that the defendant's counterclaim should not be considered in determining whether the amount in controversy requirement was met.

Agreement." (Defendant's Response to Plaintiffs' Motion to Remand to State Court, P. 2). Defendant here presents undisputed evidence that a conservative estimate of the value at issue is $163,177.00. (Id., P. 4 and attached Declaration of Gerald Sahd). See Burns v. Massachusetts Mutual Life Insurance Co., 820 F.2d 246, 249 (8th Cir. 1987) ("Where the heart of a cause of action is a claim for future benefits, the amount in controversy is the present value of the claimed future benefit."). Based on the foregoing, the Court finds that the amount in controversy requirement for federal diversity jurisdiction is satisfied, and Plaintiffs' Motion to Remand must therefore be denied. NCMIC Insurance, 2005 WL 2648687 at *4.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Remand to State Court on behalf of Michael J. Eisler and RXNW, Inc. (Doc. No. 8) is **DENIED**.

Dated this 21st day of February, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE